IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSEPH HARWELL,

            Plaintiff,                    OPINION AND ORDER

    v.

                                              23-cv-318-wmc

KATHIE KLINGER-BERG, CASEY DORN,
LEAHANNA KRIZAN, and MARK LEDESMA,

            Defendants.

---

Plaintiff Joseph Harwell, a former inmate at Stanley Correctional Institution, is proceeding with counsel on Eighth Amendment deliberate indifference and state law negligence claims against nurse defendants Kathie Klinger-Berg, Casey Dorn, and Leheanna Kirzan, and physician defendant Dr. Mark Ledesma, based on allegations that they failed to properly treat his Methicillin-resistant Staphylococcus aureus ("MRSA") infection in July 2022. (Dkt. #8.) Defendants Klinger-Berg and Dorn have moved for partial summary judgment on the grounds that Harwell failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA") specifically with respect to his Eighth Amendment claim that they falsified his medical records.[1] (Dkt. #15.) Because the court concludes that defendants have failed to meet their burden with respect to this affirmative defense, it will deny their motion for partial summary judgment.

OPINION

Under the PLRA, "[a]n inmate complaining about prison conditions must exhaust

---

[1] While Harwell filed this lawsuit without counsel, he was able to retain counsel after defendants filed their motion for partial summary judgment on exhaustion grounds.

administrative remedies before filing suit." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). The PLRA's exhaustion requirement is mandatory, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and "requires complying with the rules applicable to the grievance process at the inmate's institution," *Conyers*, 416 F.3d at 584; *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.").

To exhaust administrative remedies in Wisconsin, a prisoner must follow the Inmate Complaint Review System ("ICRS") process set forth in Wisconsin Administrative Code Chapter DOC 310, which requires the prisoner to file a complaint with the Inmate Complaint Examiner ("ICE") within 14 calendar days of the event giving rise to the complaint. Wis. Admin. Code § 310.07(2). The complaint may contain only *one*, clearly-identified issue and must provide sufficient information for the department to investigate and decide the complaint. *Id.*, § 310.07(5)-(6); *see also Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (quoting *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004) ("The exhaustion requirement's primary purpose is to 'alert[] the state' to the problem 'and invit[e] corrective action.'"). An inmate's failure to exhaust constitutes an affirmative defense, which defendants must prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Here, Harwell was granted leave to proceed on an Eighth Amendment medical care claim based on a variety of allegations that defendants consciously disregarded a substantial risk to his health beginning in early July 2022, including that: (1) Dorn intentionally falsified Harwell's medical records to downplay the seriousness of his condition, specifically by noting that Harwell had no fatigue, muscle pain, or weakness and numbness; (2) Dorn

2

arbitrarily disagreed that MRSA was responsible for Harwell's severe shoulder pain; (3) Klinger-Berg intentionally stopped Harwell from receiving Bactrim and falsely stated that he received it; (4) Klinger-Berg erroneously documented records on July 20, 2022, and told Harwell that he was not a medical priority, did not need Bactrim, and would see physical therapy in the future; and (5) Klinger-Berg denied Harwell's September 25, 2022 request that he be given the antibiotics and physical therapy that he had been prescribed.[2] (Dkt. #8, at 6-7.) The undisputed record shows that Harwell filed inmate complaint SCI-2022-15654, which the ICE received on October 10, 2022, complaining about multiple issues, including medical treatment for his MRSA infection, a shoulder condition, and false information recorded in his medical records. (Dkt. #17-2, at 2 and 11-13.) With respect to his medical records in particular, Harwell wrote that his chart contains five obviously erroneous orders for Bactrim, which he never received, and defendant Klinger-Berg intentionally lied when she noted in a progress note that he had been given a 10-day supply of antibiotics. (*See* dkt. #17-2, at 11, 13, and 31.) The ICE initially received the complaint on October 3 but returned it to Harwell on October 7, informing Harwell that each complaint must have one clearly identified issue, but his complaint appeared to contain two separate issues -- treatment for his MRSA and treatment for a mass on his shoulder. (*Id*. at 2.) When Harwell resubmitted the complaint, it still contained multiple issues, so the ICE chose to identify Harwell's dissatisfaction with the medical care for his MRSA

---

[2] Although not relevant to the instant motion, the court also allowed Harwell to base his claim on allegations that defendant Dr. Ledesma based on the allegation that he discontinued Harwell's Ensure and defendant Krizan chose an easier but less efficacious treatment for Harwell's complaints that his MRSA was causing shoulder pain.

3

infection as the one issue to investigate. (*Id*.) The ICE did not mention Harwell's medical records, finding only that Harwell had been seen by medical staff for his issues and offered treatment based on the staff's professional medical judgment. (*Id*. at 2-3.) The ICE dismissed the complaint and Harwell properly appealed that decision. (*Id*. at 3 and 9-10.)

In their motion for partial summary judgment, defendants contend that the institution was not properly notified about Klinger-Berg and Dorn's falsification of Harwell's medical records, which they say prevented the institution from applying its protocols for amending or correcting protected health information. *See* DAI Policy #500.50.14 (accessed at https://doc.wi.gov/DepartmentPoliciesDAI/5005014.pdf). Harwell responds, through counsel, that it was not necessary to submit a separate inmate complaint regarding this aspect of his claim because his allegations that Klinger-Berg and Dorn falsified his medical records arise from the same overall claim that defendants failed to adequately treat his MRSA infection, which the ICE addressed on the merits. *See Turley*, 729 F.3d at 650 ("[P]risoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing."); *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002) ("[T]he grievant need not lay out the facts, articulate legal theories, or demand particular relief. All the grievan[t] need do is object intelligibly to some asserted shortcoming."). Harwell is correct.

The Seventh Circuit has held that "an inmate's complaint will suffice for exhaustion purposes if it provides notice to the prison of 'the nature of the wrong *for which redress is sought*.'" *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (quoting *Strong*, 297 F.3d at 650) (emphasis added). "Separate complaints about particular incidents are only

required if the underlying facts or the complaints are different." *Turley*, 729 F.3d at 650. Harwell is not making a separate complaint or seeking separate redress for the falsification of his medical records. For example, he has not asked that the prison correct his medical record, and the court did not grant him leave to proceed on any such claim. Instead, Harwell included allegations about the false records as examples of how defendants Klinger-Berg and Dorn failed to give adequate consideration to his MRSA infection and his need for treatment. As the court noted in the screening order, defendants' alleged actions in downplaying the seriousness of Harwell's condition in his medical records suggests that their care was "blatantly inappropriate." (Dkt. #8, at 6-7.) In other words, while the allegations are relevant to defendants' state of mind, they do not provide the basis for a separate claim unrelated to Harwell's medical care. Therefore, the court finds that Harwell's inmate complaint met the threshold requirement of putting the prison on notice of the specific claim in this case -- defendants' denial of inadequate medical care for his MRSA infection -- and will deny defendants' motion for partial summary judgment.

## ORDER

IT IS ORDERED that the motion for partial summary judgment filed by defendants Kathie Klinger-Berg and Casey Dorn (dkt. #15) is DENIED.

Entered this 29th day of August, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge